David E. Roberts State Representative One Riverfront Place, #550 North Little Rock, AR 72114
Dear Representative Roberts:
This letter is in response to your request for an opinion regarding the following questions:
 1. Does the authority of a Parks and Recreation Commission created pursuant to Ark. Stat. Ann. 19-3618, et seq. include the express or implied authority to contract with third parties as independent contractors for "services" the Parks and Recreation Commission deems necessary to properly and effectively "manage and operate" the Parks and Recreation Program such as park planning/consulting services, financial planning/consulting services, and legal services by counsel separate and apart from the City Attorney.
 2. If a Parks and Recreation Commission created pursuant to Ark. Stat. Ann. 19-3618, et seq. chooses to "operate and manage" the Parks and Recreation Program, on a day-to-day basis, through a "Director of the Parks and Recreation Program" is that Parks and Recreation Director: (1) an "employee" as that term is used in Ark. Stat. Ann. 19-3623 who must perform in accordance with the rules and regulations the Parks and Recreation Commission shall adopt as they deem necessary pursuant to Ark. Stat. Ann. 19-3626 for the proper operation and management of the Municipal Parks and Recreation Program or (2) a "Department Head" to be appointed and removed by the Mayor pursuant to Ark. Stat. Ann. 19-1013.1 and "directly responsible to the elective governing body for the direction execution [sic] of policies and services on city work projects and duties" pursuant to Ark. Stat. Ann. 19-1436.
 3. Does the authority of a Parks and Recreation Commission created pursuant to Ark. Stat. Ann. 19-3618 et seq. include the expressed or implied authority to budget and appropriate those funds segregated for exclusive use in the operation of the Parks and Recreation Program by the Commissioners (the "Park Fund" defined in Ark. Stat. Ann. 19-3628, the funds appropriated by the City Council in accordance with Ark. Stat. Ann. 19-3629, or funds resulting from taxes levied or under statutes ordinances [sic] for specific Parks and Recreation Program purposes per Ark. Stat. Ann. 19-4423) or must the governing body for the City of North Little Rock approve, in accordance with Ark. Stat. Ann. 19-4423, the appropriation of all funds budgeted for or used in the operation of the Parks and Recreation Program of the City.
Regarding Question No. 1, the Parks and Recreation Commission has the authority to contract for the purposes enumerated above pursuant to Ark. Stat. Ann. 19-3622 if said purposes are not in conflict with the prescribed duties of the City Attorney as provided by Ark. Stat. Ann. 19-1015.5 and any city ordinance pursuant thereto which may establish additional responsibilities and duties of the City Attorney. If such additional responsibilities and duties have been established by city ordinance, or, are established at some future date, said ordinance would control.
Regarding Question No. 2, the "Director of the Parks and Recreation Program" is a "Department Head" based upon North Little Rock City Council Resolution 2457 of 1983 in which the hiring of the Director was confirmed by the City Council as further evidenced by the express absence of any Commission authority to hire its own director by the provisions of North Little Rock City Ordinance No. 5178 passed on December 8, 1980.
Therefore the Director is "directly responsible to the elective governing body for the direction and execution of policies and services" pursuant to Ark. Stat. Ann. 19-1436, exempting him from the civil service system, and, can be removed (or appointed) by the mayor subject to the approval of the City Council pursuant to Ark. Stat. Ann. 19-1013.1.
With regard to Question No. 3 the Parks and Recreation Commission has the authority to budget and appropriate unless stipulated otherwise by the City Council pursuant to Ark. Stat. Ann. 19-3629, or the ordinance or statute under which a tax is levied for the specific purpose of parks and recreation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General C. Kent Jolliff.